UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

No. 09-CV-1823 (JFB) (ETB)
_____

DEBORAH DAVIS,

Plaintiff,

VERSUS

OYSTER-BAY EAST NORWICH CENTRAL SCHOOL DISTRICT,

Defendant.

_____

MEMORANDUM AND ORDER
September 28, 2010
_____

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R & R") from Magistrate Judge Boyle, as well as plaintiff's objections to the R & R. The R & R recommends that the Court grant defendant's motion for summary judgment on plaintiff's Title VII retaliation claim and deny defendant's request for a litigation injunction. For the reasons that follow, the Court adopts in full Judge Boyle's thorough and well-reasoned R & R.

I. BACKGROUND

The Court assumes familiarity with the underlying facts, which are set forth in detail in the R & R. For ease of reference, however, the Court briefly highlights below some of the key uncontroverted facts.

A. Plaintiff's Employment

Between 1987 and 2006, plaintiff Deborah Davis ("plaintiff" or "Davis") worked as a stenographer for defendant Oyster Bay-East Norwich Central School District ("defendant" or "the District").

B. The First NYSDHR Complaint

In November 2001, plaintiff filed a New York State Division of Human Rights ("NYSDHR") complaint against defendant ("the First NYSDHR Complaint"). Subsequently, plaintiff filed a federal lawsuit against defendant under Title VII of the 1964 Civil Rights Act and the Americans with Disabilities Act which was based on this NYSDHR complaint. Judge Feuerstein granted defendant's motion for summary

judgment, and the Second Circuit affirmed Judge Feuerstein's decision in a summary order. *Davis v. Oyster-Bay E. Norwich Sch. Dist.*, 220 F. App'x 59 (2d Cir. 2007).

### C. Plaintiff's Suspension and Her Second NYSDHR Complaint

In early April 2006, after a series of incidents detailed *infra*, defendant charged plaintiff with committing misconduct and insubordination. Defendant also suspended plaintiff from work. In late April, a disciplinary hearing took place before a hearing officer pursuant to Section 75 of the New York Civil Service Law.

In early May 2006, plaintiff filed the second NYSDHR complaint against defendant ("the Second NYSDHR Complaint"). In it, she alleged she that had been suspended in retaliation for filing the First NYSDHR Complaint. The NYSDHR ultimately found that there was "no probable cause" to believe defendant had engaged in unlawful retaliation.

### D. Plaintiff's Termination

In July 2006, the Section 75 administrative hearing officer concluded that plaintiff had committed misconduct and recommended that she be terminated. The District school board then adopted the hearing officer's recommendation and terminated plaintiff's employment. Plaintiff challenged the District's decision by bringing an Article 78 proceeding in New York State Supreme Court, Nassau County. On June 28, 2007, the state court denied plaintiff's application, finding that "substantial evidence" supported the determination that plaintiff was guilty of misconduct ("the June 2007 state-court judgment").

### E. Plaintiff's Third NYSDHR Complaint

Following her termination, plaintiff filed her third NYSDHR complaint on August 8, 2006 ("the Third NYSDHR Complaint"), which also alleged unlawful retaliation. In June 2008, the NYSDHR issued a Determination After Investigation, finding that there was probable cause to believe defendant had discriminated against plaintiff. However, after the District moved for reconsideration, the NYSDHR found probable cause did not exist. Plaintiff then filed an Article 78 proceeding in New York State Supreme Court, Nassau County, arguing that the NYSDHR's finding was arbitrary and capricious. The court rejected that argument in a May 27, 2009 order ("the May 2009 state-court judgment").

### F. Procedural History

The Equal Employment Opportunity Commission issued a "right to sue" letter based on plaintiff's Third NYSDHR Complaint on March 4, 2009. Plaintiff then filed the complaint in this action on May 1, 2009. Defendants moved for summary judgment on September 30, 2009, and, once the motion was fully submitted, it was referred to Judge Boyle on May 4, 2010. On June 17, 2010, Judge Boyle issued his R & R. This Court granted plaintiff an extension of time to file her objections. Plaintiff filed her objections on July 20, 2010; defendant filed an opposition on August 19, 2010; and plaintiff filed a reply on August 26, 2010.

After reviewing the parties' submissions, the Court determined that the *pro se* plaintiff had not been served with the notice required by Local Civil Rule 56.2. It was clear that, despite the lack of notice, the *pro se* plaintiff

understood the summary-judgment procedure because her detailed opposition contained a thorough 56.1 statement, as well as a declaration and exhibits. However, in an abundance of caution, the Court held a phone conference with the parties on September 20, 2010 and provided plaintiff with a copy of the required notice by facsimile that same day. On September 23, 2010, the Court held an in-person conference with the parties. There, the Court confirmed that the *pro se* plaintiff had received the notice and did not wish to make any additional submissions. The matter is fully submitted.

## II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). As to portions of a report to which specific written objections are made, the Court reviews such findings *de novo*. *See* Fed. R. Civ. P. 72(b); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

## III. SUMMARY JUDGEMENT MOTION

Plaintiff asserts a number of objections to the R & R's recommendation that the Court grant defendant's summary judgment motion. In particular, plaintiff contends Judge Boyle erred in determining that (1) the collateral estoppel effect of the May 2009 state-court judgment precludes her from bringing this action, and (2) in the alternative, even without the preclusive effects of the Nassau County decision, she is unable to show evidence of retaliation. For the reasons that follow, the Court, after reviewing the R & R under a *de novo* standard of review, rejects plaintiff's objections.

### A. Collateral Estoppel

#### 1. Applicable Law

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give state-court judgments the same preclusive effect as the judgment would have in the state from which it originated. *See* 28 U.S.C. § 1738 ("[J]udicial proceedings of any court of any state . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."); *see also Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) ("We apply federal law in determining the preclusive effect of a federal judgment and New York law in determining the preclusive effect of a New York State court judgment." (internal citations omitted)). "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (citations omitted).

#### 2. Application

3

As noted above, the May 2009 state-court judgment found that the NYSDHR did not act in an arbitrary and capricious manner when it determined that plaintiff's Third NYSDHR complaint lacked probable cause.

As the R & R correctly explained, the state court's affirmation of the NYSDHR decision "preclude[s] federal litigation based on the same facts." *Wilson v. Ltd. Brands, Inc.*, No. 08 CV 3431 (LAP), 2009 WL 1069165, at *1 (S.D.N.Y. Apr. 17, 2009) (quoting *Yan Yam Koo v. Dep't of Bldgs. of the City of N.Y.*, 218 F. App'x 97, 98 (2d Cir. 2007)); *see also Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982) (holding that state-court judgment upholding NYSDHR's rejection of plaintiff's employment-discrimination claim was entitled to preclusive effect in plaintiff's subsequent Title VII case).

Nevertheless, plaintiff argues that collateral estoppel should not apply. First, she points out that her state-court action was against the NYSDHR, not the District. However, under well-settled law, collateral estoppel does not require that the defendants in the first action and the second action be identical. *See LaFleur v. Whitman*, 300 F.3d 256, 274 (2d Cir. 2002) ("Our inquiry with regard to the 'full and fair opportunity' prong of the collateral estoppel doctrine is whether [the party], as the [plaintiff] in the previous state court proceeding, was fully able to raise the same factual or legal issues as [asserted] here- not whether the [defendants] were identical in both cases." (citation omitted)); *see also Yan Yam Koo*, 218 F. App'x at 99 ("That the plaintiff did not name the identical parties in the state and federal actions does not disturb our finding of preclusiveness."). Thus, because *plaintiff* had a full and fair opportunity to litigate her claims of retaliation in state court, defendant may assert collateral estoppel against her here.

Second, plaintiff contends that NYSDHR made a typographical error in preparing the Third NYSDHR complaint for her. Specifically, plaintiff notes that the Third NYSDHR complaint states that plaintiff had been suspended and terminated in retaliation for her filing of case "10111490," the Second NYSDHR Complaint, filed after her suspension in May 2006. Plaintiff contends, however, that the third complaint should have actually stated that her suspension and termination were in retaliation for her making the First NYSDHR Complaint, which she filed in October 2001.

Regardless of whether or not an error was made in the Third NYSDHR Complaint, collateral estoppel would still apply to bar plaintiff from bringing this case. Plaintiff in fact argued in her Article 78 petition that the NYSDHR erred by not considering whether her suspension and termination were in retaliation for the First NYSDHR Complaint.[1] Furthermore, it appears that both the NYSDHR and the state court considered

---

[1] (*See, e.g.*, Verveniotis Decl. Ex. U, ECF No. 23-22 at 7 ¶ 12 (arguing that the NYSDHR erred by not considering "THE PETITIONER'S complaint in instant case that concentrate on the nexus of events between the Federal discrimination case in 2001 and THE PETITIONER'S May 2006 complaint . . . that led up to the malicious retaliatory treatment and constructed suspension and termination of THE PETITIONER."); *see also id.* at 5 ("[T]he timeframe alone of an 18-year employee being suspended/terminated in immediate proximity to the rendering of the negative decision of PETITIONER's prior 2001 Federal case was so obviously retaliatory.").)

4

plaintiff's Second and Third NYSDHR Complaints to arise "from the same facts and circumstances" and considered whether plaintiff's suspension and termination were retaliatory. (*See* Verveniotis Decl. Ex. W, ECF No. 23-24 at 4 (state-court decision).) In sum, plaintiff raised, and the state court necessarily determined, both the issue of the proper factual basis for the Third NYSDHR Complaint and the issue of any nexus between plaintiff's 2001 NYSDHR complaint and her 2006 suspension and termination. Accordingly, plaintiff cannot re-litigate those issues here.

Finally, the state-court decision still has collateral estoppel effect even though it is pending on appeal. *See Franklin Dev. Co. v. Atl. Mut. Ins. Co.*, 876 N.Y.S. 2d 103, 105 (App. Div. 2009) ("'The rule in New York is that the pendency of an appeal does not prevent the use of the challenged judgment as the basis of collateral estoppel.'" (quoting *Anonymous v. Dobbs Ferry Union Free Sch. Dist.*, 797 N.Y.S.2d 120, 121 (App. Div. 2005))); *accord Chariot Plastics v. United States*, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998).

In sum, the May 2009 state-court decision affirming the NYSDHR's finding of "no probable cause" precludes plaintiff from bringing this action.

### B. Evidence of Discrimination

Furthermore, this Court agrees with the R & R that, even if collateral estoppel did not bar plaintiff's claim, there is no evidence from which a rational trier of fact could find unlawful retaliation.

The Court evaluates a Title VII retaliation claim under the three-step, burden-shifting framework used for an adverse employment claim, as established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, a plaintiff must establish a *prima facie* case of retaliation by demonstrating that "(1) the employee was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action." *Gregory v. Daly*, 243 F.3d 687, 700 (2d Cir. 2001) (quoting *Reed v. A. W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996)). In determining whether a plaintiff has satisfied this initial burden, the court's role in evaluating a summary judgment request is "to determine only whether proffered admissible evidence would be sufficient to permit a rational finder of fact to infer a retaliatory motive." *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005).

The burden then shifts to the defendant to articulate a legitimate, non-retaliatory reason for the employment action; if the defendant carries that burden, it shifts back to plaintiff to demonstrate by competent evidence that the reasons proffered by defendant were pretext for retaliatory animus based upon the protected Title VII activity. *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006).

Here, the Court will assume *arguendo* that plaintiff has established a *prima facie* case of retaliation. Defendant has proffered a legitimate, non-discriminatory reason for plaintiff's suspension and termination—namely, her incompetence and misconduct.

5

There is no evidence, however, that this reason was a pretext for a retaliatory motive. As noted above, plaintiff was terminated following a disciplinary hearing under Section 75 of the New York Civil Service Law. The hearing officer's 47-page opinion recounts the allegations against plaintiff and finds plaintiff guilty of all but two of these charges. (*See* (Verveniotis Decl. Ex. E at 18, ECF No. 23-1- 3.) Plaintiff was found to have, *inter alia*, become loud and disrespectful towards a supervisor,[2] used a vulgar word in a sexually explicit context,[3] left the office without telling others where she was going,[4] thrown a letter at a supervisor and then slammed it down onto a desk,[5] left a counseling meeting after her supervisor told her not to leave,[6] acted rudely and discourteously towards a physical therapist and speech pathologist who were attempting to obtain payment for work they had done with District students,[7] and performed incompetently by repeatedly making errors on forms she was assigned to fill out as part of her job.[8] Plaintiff points to no evidence, for example, that other employees who had engaged in similar misconduct were not terminated.

Furthermore, although plaintiff points out that defendant terminated her only a few months after she filed the Second NYSDHR Complaint, temporal proximity between protected activity and an adverse employment action is insufficient by itself to create a triable issue of fact. *Monroe v. Xerox Corp.*, 664 F. Supp. 2d 235, 246 (W.D.N.Y. 2009) ("Temporal proximity alone is insufficient to carry a plaintiff's burden of proof beyond the *prima facie* stage."); *see also Chamberlin v. Principi*, 247 F. App'x 251, 254 (2d Cir. 2007) ("[B]ased on temporal proximity alone, no causal connection was shown between these alleged acts and the protected activity."). This is particularly true here because plaintiff had been suspended approximately one month before she filed the second complaint, and the Section 75 hearing that ultimately led to plaintiff's termination also occurred before plaintiff filed the second complaint. *Cf. Slattery v. Swiss Reins. Am., Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) ("Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise.").

Finally, plaintiff takes issue with the R & R's conclusion that she could not attempt to defeat summary judgment by introducing the results of a polygraph test she took. (*See* Pl.'s Objections at 4.) The test apparently indicated that plaintiff had told the truth in the Section 75 administrative hearing regarding her misconduct. This Court, however, agrees with Judge Boyle that the polygraph results are inadmissible to defeat summary judgment. (*See* R & R at 14 n.7 (collecting cases for the proposition that polygraph evidence is inadmissible).) Moreover, even if the polygraph evidence were admissible, it would not, by itself, enable plaintiff to survive summary judgment. At best, the polygraph evidence would indicate that the Court should credit plaintiff's version of certain incidents for which she was eventually disciplined.

---

[2] (Verveniotis Decl. Ex. E at 19-22.)

[3] (*Id*. at 22-25.)

[4] (*Id*. at 25-29.)

[5] (*Id*. at 29-31.)

[6] (*Id*. at 31-32.)

[7] (*Id*. at 36-41.)

[8] (*Id*. at 42-44.)

However, whether or not plaintiff actually engaged in misconduct is not the relevant question in a Title VII case. The Court must determine not whether defendant's decision to fire plaintiff was correct but whether it was retaliatory. *See, e.g.*, *McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) ("In a discrimination case . . . we are decidedly not interested in the truth of the allegations against plaintiff. We are interested in what '*motivated* the employer . . . .'" (quoting *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983))) (emphasis in original); *Koleskinow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 111 (S.D.N.Y. 2009) ("Where a plaintiff has been terminated for misconduct, the question is not 'whether the employer reached a correct conclusion in attributing fault [to the plaintiff] . . . , but whether the employer made a good-faith business determination.'" (quoting *Baur v. Rosenberg, Minc, Falkoff & Wolff*, No. 07-Civ.-8835(GEL), 2008 WL 5110976, at *5 (S.D.N.Y. Dec. 2, 2008))). Put another way, regardless of whether or not plaintiff was telling the truth in the Section 75 hearing, the question is whether the District's decision makers had a good-faith belief plaintiff engaged in misconduct and insubordination. Thus, plaintiff's proffered polygraph evidence is neither admissible nor sufficient by itself to create an issue of fact.

In sum, this Court adopts Judge Boyle's recommendation that, even if collateral estoppel does not apply here, plaintiff has failed to put forth sufficient evidence from which a rational trier of fact could find that defendant violated Title VII by retaliating against her.

Accordingly, the Court grants defendant summary judgment.

IV. MOTION FOR AN INJUNCTION

Defendant also moved for an injunction prohibiting plaintiff from filing further lawsuits regarding her employment in the District. Judge Boyle recommended denial of that motion, and this Court has not received any objections to the recommendation. Accordingly, this Court's review is for clear error. Finding none, the Court adopts Judge Boyle's recommendation that the request for a litigation injunction be denied.[9]

IV. CONCLUSION

For the reasons set forth above, the Court grants defendant summary judgment and denies the motion for a litigation injunction. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

---

JOSEPH F. BIANCO
United States District Judge

Dated: September 28, 2010
Central Islip, New York

* * *

Plaintiff is *pro se*. Attorneys for the defendant are Kelly Spina and Steven Verveniotis of Miranda Sambrusky Slone Sklarin, 240 Mineola Blvd., Mineola, NY 11501.

---

[9] Even under *de novo* standard of review, the Court would still adopt Judge Boyle's recommendation regarding the motion for an injunction.